FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**KAREN FRANCIS**

    **Plaintiff,**

vs.                         CASE NO. 8:03CV1177-T17 EAJ

**PROVIDENT BANCORP, INC.**
**LONG TERM DISABILITY PLAN**

    **Defendant.**

_____/

## **COMPLAINT**

Plaintiff, KAREN FRANCIS (Plaintiff), sues Defendant PROVIDENT BANCORP, INC. LONG TERM DISABILITY PLAN (Defendant), and alleges as follows:

1. This is an action for recovery of benefits due to Plaintiff under the terms of an ERISA plan, to enforce Plaintiff's rights under the terms of that plan, and/or to clarify Plaintiff's rights to future benefits under the terms of said ERISA plan, all pursuant to 29 U.S.C. §1132(a)(1)(B).

2. Plaintiff is an individual residing within the Middle District of Florida who at all times material hereto was a participant in an ERISA plan providing disability benefits, to wit: the Defendant plan.

3. The Defendant plan is an ERISA plan that at all times material hereto provided long term disability benefits to employees of Provident Bancorp, Inc., including Plaintiff.



4. Plaintiff was an employee of Provident Bancorp, Inc. As such, Plaintiff was provided an option to purchase and receive certain benefits, including long term disability benefits to cover lost income in the event of a long-term disability.

5. Under the terms of the Defendant plan, Plaintiff, in the event of a long-term disability, was entitled to be paid regular monthly disability benefits. Plaintiff has requested and will attach as Exhibit "A" to this Complaint a copy of the applicable ERISA plan at issue providing disability benefits.

6. Plaintiff is totally disabled under the terms of the Defendant plan as a result of various debilitating conditions, including but not limited to musculoskeletal lesions throughout her back.

7. Despite Plaintiff's total disability, the Defendant plan has failed and refused to pay Plaintiff long term disability benefits, asserting that Plaintiff is not totally disabled under the terms of the Defendant plan.

8. Plaintiff has attempted to full exhaust all administrative appeals and remedies in accordance with the Defendant plan but the Defendant plan has persisted in its refusal to pay for the long-term disability benefits.

9. Plaintiff continues to suffer from the aforementioned medical conditions and continues to remain and will remain in a totally disabled condition for the rest of her life.

10. Under the terms of the Defendant plan and ERISA, Plaintiff is entitled to recovery of all benefits due her under the Defendant plan, enforcement of her rights under the terms of the Defendant plan, and to a clarification as to future benefits under the terms of the Defendant plan.

11. Plaintiff has retained the undersigned counsel and is entitled to recover attorney fees against the Defendant plan pursuant to 29 U.S.C. §1132(g)(2)(1).

WHEREFORE, Plaintiff demands judgment against Defendant for all relief that may be available to her under 29 U.S.C. §1132(a)(1)(B), together with costs, attorney fees and such other relief as the Court deems appropriate under the circumstances.

_____
MARCUS A. CASTILLO, ESQUIRE
Haas & Castillo, P. A.
Arbor Office Park
19321-C  U. S. 19 North, Suite 401
Clearwater, FL   33764
(813) 535-4544
FBN 374733
Attorney for Plaintiff/Trial Counsel

WILLIAM D. MITCHELL, ESQUIRE
Mitchell Law Group, P.A.
Bank of America Plaza, Suite 3010
101 E. Kennedy Boulevard
Tampa, Florida  33602-5150
FBN 391972
Co-Counsel for Plaintiff